UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TRIMBLE<br><br>        Plaintiff,<br><br>   v.<br><br>ABDON, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01856-BAM (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER (ECF No. 22)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |

      Plaintiff Daniel Trimble ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, on November 24, 2014. This action proceeds on Plaintiff's first amended complaint against Defendants Cerado, Dulcich, and Comstock for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against Defendant Abdon for medical malpractice. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 6, 20.)

**I.    Background**

      On September 28, 2015, Defendants filed a motion to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF No. 15.) Plaintiff filed no opposition on or before the due date, so the Court ordered Plaintiff to file an opposition or a statement of non-

1

1  opposition to Defendants' motion within twenty-one (21) days of that October 29, 2015 order. (ECF
2  No. 21.) No response was filed.
3       On February 26, 2016, the Court issued an order to show cause why this action should not be
4  dismissed, with prejudice, for failure to prosecute and failure to obey a court order. (ECF No. 22.) A
5  written response was due within fourteen (14) days of service of that order. Plaintiff was also
6  expressly warned that this was his final opportunity to show good cause why this action should not be
7  dismissed, with prejudice, for failure to prosecute and failure to obey a court order. (Id. at 2.) Plaintiff
8  has not filed any response to the order to show cause, and has not otherwise been in contact with the
9  Court.

10 **II.   Discussion**

11       Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any
12 order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the
13 inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n
14 the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."
15 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with
16 prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to
17 comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
18 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal
19 for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service,
20 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).
21       In determining whether to dismiss an action, the Court must consider several factors: (1) the
22 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)
23 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
24 merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423
25 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).
26       This action has been pending for more than a year, and Plaintiff has been served with
27 Defendants' motion to dismiss for over five months without any response or opposition. Plaintiff is
28 obligated to comply with the Local Rules, and was expressly ordered by the Court to file a response to

1  Defendants' motion to dismiss more than once. Despite Plaintiff's duty to comply with all applicable
2  rules and the Court's warnings and orders, Plaintiff did not file any response. The Court cannot
3  effectively manage its docket if a party ceases litigating the case. Thus, both the first and second
4  factors weigh in favor of dismissal.

5        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
6  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
7  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on
8  the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643
9  (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move
10 a case toward disposition on the merits but whose conduct impedes progress in that direction," which
11 is the case here. In re PPA, 460 F.3d at 1228.

12       Finally, the court's warning to a party that failure to obey the court's order will result in
13 dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262;
14 Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's February 26, 20156 order to show
15 cause expressly warned Plaintiff that his failure to comply with that order would result in dismissal of
16 this action, with prejudice, for failure to prosecute and failure to obey the Court's order. (ECF No. 22,
17 p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Also,
18 at this stage in the proceedings there is little available to the Court which would constitute a
19 satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its
20 scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of
21 little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has
22 ceased litigating his case.

23       In summary, Plaintiff filed this action but is no longer prosecuting it. The Court cannot afford
24 to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer
25 prosecuting.
26 ///
27 ///
28 ///

3

**III.    Conclusion and Order**

For the reasons explained above, the Court finds that dismissal is the appropriate sanction and HEREBY ORDERS as follows:

1. This action is dismissed, with prejudice, for failure to prosecute and for failure to obey a court order; and

2. The Clerk of the Court shall enter judgment accordingly, terminate all pending motions, and close this case.

IT IS SO ORDERED.

Dated:   **March 22, 2016**          /s/ Barbara A. McAuliffe
                                                      UNITED STATES MAGISTRATE JUDGE